■ In the Matter of LILLIE G. OLIVER, Respondent, v JOSEPH W. OLIVER, Appellant. [609 NYS2d 199] —Order, Family Court, Kings County (Philip C. Segal, J.), entered on or about April 22, 1992, which denied as untimely respondent's objections to the findings of fact and order of a Hearing Examiner, entered February 3, 1992, which, *inter alia,* denied respondent's request for an adjournment, found that respondent had failed to comply with a prior order requiring him to pay arrears in the amount of $13,700 and directed him to deposit a cash bond in that amount, unanimously affirmed, with costs.

The Family Court properly found that the objections filed by respondent-appellant to the findings of fact and order of the Hearing Examiner should be denied. Contrary to the statement of facts in respondent-appellant's brief to this Court, the Family Court did not dismiss the objections without opinion, but, rather, issued a decision finding that the objections had not been filed with the court within 30 days of entry of the Hearing Examiner's order, as required under Family Court Act § 439 (e). That decision, although omitted from the appendix filed by respondent-appellant in this Court (petitioner-appellant not appearing on this appeal), is found in the original record. Since that record fully supports the court's decision that the objections were untimely, we affirm.

We note that, were we to reach the merits, we would nevertheless affirm. Initially, there is no merit to respondent's argument that the Hearing Examiner improperly restored to the calendar a support petition which had been previously dismissed. Indeed, the record completely fails to support the recitation of the facts made by respondent-appellant to this Court in which he indicates that the original support order ("original order"), entered on June 20, 1986 pursuant to a resettled judgment of divorce entered on April 30, 1985, is no longer in effect and that the original support petition was dismissed. Indeed, respondent-appellant, although granted additional time to file objections to the original order, never did so and there is no basis to find that it is not still in effect.

Respondent-appellant's contention that the original support petition was dismissed and the original order vacated appears to be based on the fact that, since the original order was entered, a number of supplemental proceedings have been brought by petitioner-respondent pursuant to Family Court Act § 453 because of respondent-appellant's violation of the original order. It is a number of these proceedings which have been dismissed, for reasons which are not clear on this record. It is difficult to believe that respondent-appellant's counsel's attempt to convince this Court that the dismissal of these supplemental enforcement proceedings was a dismissal of the original proceeding is not a deliberate attempt to mislead the Court. In any case, none of these dismissals of supplemental violation proceedings has affected the validity of the original order of support.

In addition to demonstrating that the original support order is still in effect, the record shows that respondent-appellant's argument concerning the propriety of the hearing in the within proceeding is without merit. The within violation proceeding, which was brought on by order to show cause, was brought because of respondent-appellant's failure to comply with a prior supplemental order, dated July 26, 1991, ordering respondent-appellant to pay arrears.

First, it is clear that the Hearing Examiner properly found that respondent's doctor's note, stating merely that he should avoid anxiety for 60 days, was inadequate to require that the hearing be further adjourned in a case which had already been marked "final" against both parties.

Second, we reject respondent-appellant's argument that his objections to the prior order requiring him to pay arrears had never been decided by the court. The Hearing Examiner

properly found that respondent-appellant's objections to the prior order were invalid because they had been filed prematurely, before the issuance of the final order. The reason this had occurred was that, in the context of the prior proceeding, respondent-appellant had moved to vacate the original support order of June 20, 1986. His motion was denied on January 2, 1991, at which time he filed objections. However, this was not the type of "final order" to which objections may be filed under section 439 (e). The final order on petitioner-respondent's petition, requiring respondent-appellant to pay arrears of $13,700, in the amount of $50 per week in addition to his regular support payment of $50 per week, was not issued until July 26, 1991. Respondent-appellant never filed objections to that order, which was the appropriate order as to which he was permitted to file objections. We note that the findings of fact accompanying the final order on the petition made note of the fact that respondent-appellant's objections had been filed prematurely, thereby giving him more than fair warning of his error and an opportunity to correct it, which he did not do.

In the within proceeding, respondent-appellant did not dispute that he did not take this opportunity and file objections subsequent to the issuance of the July 26, 1991 order but contended that this was because he had never received that order. The Hearing Examiner, however, found that both respondent-appellant and his attorney had been sent copies of the findings of fact and the order by the court, as is required by section 439 (e), that both petitioner-appellant and her attorney had received their copies, that respondent-appellant's counsel had consistently claimed throughout these lengthy proceedings that he and his client had failed to receive papers which had been sent to them, and that the affidavit of respondent-appellant stating that he had never received the order did not properly identify which order he had not received. Under these circumstances, and as respondent-appellant points to no evidence in the record supporting his argument to the contrary, the Hearing Examiner properly found that respondent-appellant had foregone his opportunity to file objections to the prior order and therefore required him to post a bond representing the amount of arrears assessed in the prior order in order to avoid his immediate arrest. Concur—Rosenberger, J. P., Ellerin, Kupferman and Nardelli, JJ.